**BAR-ADON & VOGEL, PLLC**
**Kenneth A. Vogel, Esquire**
**1642 R Street, NW**
**Washington, DC 20009**
**202-332-7323**
**202-332-7326 (fax)**
KAVogel@MetroLegalSolutions.com

Attorneys for J.G. Wentworth Originations, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.G. Wentworth Originations, LLC<br>1200 Morris Drive<br>Chesterbrook, PA 19087<br><br>　　　　　　　　Petitioner,<br><br>　　and<br><br>Shawn Butler<br>2337 Laketon Road<br>Pittsburgh, PA 15221<br><br>　　　　　　　　Respondent. | DOCKET NO.:<br><br>**Civil Action** |

　　　　AND NOW comes your Plaintiff, J.G. Wentworth Originations, LLC, by and through its attorneys, Bar-Adon and Vogel, PLLC, and in accordance with the applicable rules of Civil Procedure, hereby represents as follows:

　　　　1.　　Petitioner is J.G. Wentworth Originations, LLC, ("Buyer" or "Transferee"), with a business address located at 1200 Morris Drive, Chesterbrook, PA 19087.

　　　　2.　　Defendant is Shawn Butler ("Payee") an adult individual who resides at 2716 Boudinot Street, Philadelphia, PA 19134.

　　　　3.　　Payee has previously instituted a civil action against the Socialist People's Libyan Arab Jamahiriya, et al. ("The Libyan Defendants"), *Beecham, et al. v. Socialist People's Libyan*

*Arab Jamahiriya, et al.,* D.D.C., Civil Action No. 01-CV02243 (RWR), or has otherwise asserted a claim against The Libyan Defendants related to the terrorist bombing of the LaBelle Discotheque in Berlin, Germany on April 5, 1986.

4. The LaBelle Discotheque Qualified Settlement Fund ("QSF") was subsequently established in anticipation of settlement funds from The Libyan Defendants pursuant to a settlement agreement entered in June of 2006.

5. In resolution of those claims, Payee is entitled to receive a series of payments to be made by the QSF.

6. On or about January 12, 2009, Payee and the GSF entered into a Settlement Agreement and Release, which included, among other payments, a series of future periodic payments. A true and correct copy of the Settlement Agreement and Release is appended hereto as Exhibit "A."

7. The parties further agreed to make a qualified assignment to Prudential Assigned Settlement Services Corporation in order to satisfy those future periodic payments in the form of an annuity. *Id.*

8. Defendant has entered into a purchase agreement dated May 28, 2020, with Plaintiff, wherein Defendant is transferring a partial amount of the payments from the aforementioned annuity. A true and correct copy of that agreement is appended hereto as Exhibit "B."

9. Pursuant to the purchase agreement, Plaintiff will file a petition for partial transfer of structured settlement funds in the Court of Common Pleas of Allegheny County, Pennsylvania, as the Defendant resides in that jurisdiction.

10. Prior to Plaintiff and Defendant proceeding to a hearing in the Allegheny Court of Common Pleas, they must first obtain the written consent from the United States District Court for the District of Columbia as the underlying settlement was entered into in this jurisdiction.

11. This Consent petition is being filed in the United States District Court for the District of Columbia in compliance with 40 P.S. §4003(a)(5)(i)(B) of the Pennsylvania Structured Settlement Protection Act (40 P.S. §4001 et seq.), which provides that if the transfer would contravene the terms of the structured settlement that the transfer be expressly approved in writing by the court that previously approved the structured settlement – in this instance, the United States Court for the District of Columbia.

12. Plaintiff is seeking the express written approval of the United States District Court for the District of Columbia pursuant to 40 P.S. §4003(a)(5)(i)(B), so that Payee may enter into and proceed with transfers of structured settlement in the county in which he is domiciled and where jurisdiction is proper. (*See* 40 P.S. §4004 pertaining to proper jurisdiction where the Payee resides.)

13. Plaintiff avers that upon obtaining the approval of the United States District Court for the District of Columbia in accordance with 40 P.S. §4003(a)(5)(i)(B), that Defendant Shawn Butler shall be permitted to proceed with the transfer of structured settlement in the county in which he is domiciled and that Prudential will supply a Stipulation and/or Order in connection with the Pennsylvania Petition for Transfer and not oppose same.

14. No Prejudice would be borne by this Honorable Court in granting the requested relief.

15. Plaintiff is not requesting the United States District Court for the District of Columbia to conduct a best interest hearing, rather they are simply requested This Court to give

approval and consent to Shawn Butler to proceed in the County where he is domiciled. Such best interest hearing will occur in the County where Shawn Butler is domiciled, wherein an appropriate judge will determine the merits of the case and determine whether the transfer is in Mr. Butler's best interest.

**WHEREFORE**, Plaintiff, J.G. Wentworth Originations, LLC, respectfully requests that this Honorable Court enter the relief requested in the Proposed Order of Court which is attached hereto so that Shawn Butler may be permitted to proceed with the transfer of structured settlement in the county in which he is domiciled.

>Respectfully Submitted,
>
>Bar-Adon & Vogel, PLLC
>
>BY: */Kenneth A. Vogel/*
>Kenneth A. Vogel, Esq.  DC Fed. Bar No. 413407
>1642 R St NW
>Washington, DC 20009
>202-332-7323
>202-332-7326 (fax)
>KAVogel@MetroLegalSolutions.com

Dated:  July 7, 2020